UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DARCIE ANN GODIN,

     Plaintiff,

                                    Case No. 25-cv-13737

v.                                Honorable Linda V. Parker

COMMISSIONER OF SOCIAL
SECURITY,

     Defendants.

_____/

## ORDER

Plaintiff filed this action challenging Defendant's decision to deny her social security benefits.  (ECF No. 1.)  Her counsel filed a Suggestion of Death Upon the Record pursuant to Federal Rule of Civil Procedure 25 on July 2, 2026, indicating that Plaintiff passed away on April 24, 2026.  (ECF No. 13.)

Social security claims can survive the death of the claimant.  *See Cunningham v. Astrue*, 360 F. App'x 606, 611 (6th Cir. 2010); 42 U.S.C. § 404(d)(7).  When a social security claimant dies during the pendency of the appeal, payment of any amount due should be made to the legal representative of the deceased individual.  *Id.*

Federal Rule of Civil Procedure 25(a)(1) provides that if a party dies and the claim is not thereby extinguished, the court may, on motion, order substitution of

the proper parties.  "A motion for substitution may be made by any party or by the decedent's successor or representative."  Fed. R. Civ. P. 25(a)(1).  Rule 25(a)(1) permits a motion for substitution to be made "within 90 days after service of a statement noting the death[.]"[1]  If such a motion is not timely filed, "the action by or against the decedent must be dismissed."  *Id*.

"Two steps are required for the 90-day period to commence.  First, the suggestion of death must be made upon the record."  *Jenkins v. Macatawa Bank Corp.*, No. 1:03-CV-321, 2007 WL 737746, at *1 (W.D. Mich. Mar. 7, 2007); *see also Lawson v. Cnty. of Wayne*, No. 11-11163, 2012 WL 5258216, at *2 (E.D. Mich. Oct. 23, 2012).  Second, "[counsel] must serve the decedent's successor [or representative] or, at minimum, undertake a good faith effort to identify an appropriate representative."  *Lawson*, 2012 WL 5258216, at *2 (internal quotation marks and citations omitted); *see also Jenkins*, 2007 WL 737746, at *1 (stating that the suggestion of death must be served in accordance with Rule 4).

---

[1] "The objective of the suggestion of death set forth in Rule 25(a) (1) is to alert nonparties to the consequences of the death of a party in a pending lawsuit so that they may act if they desire to preserve the decedent's claim . . . . The rule establishes a procedure that protects those who have an interest in the litigation and the authority to act on behalf of the decedent by permitting substitution for the deceased party without unduly burdening the surviving party."  *Lawson v. Cnty. of Wayne*, No. 11-cv-11163, 2012 WL 5258216, at *2 (internal quotation marks and citations omitted).

As indicated, the Suggestion of Death Upon the Record was filed on July 2. Plaintiff's counsel must now serve or cause to be served the Suggestion of Death on Plaintiff's non-party successor(s) or representative(s) **and** file proof of such service with the Court.  If a motion for substitution is not made within 90 days of the filing of the Suggestion of Death this action will be dismissed.

**IT IS SO ORDERED**.

Dated: July 7, 2026                         s/LINDA V. PARKER
                                            UNITED STATES DISTRICT JUDGE